UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES DANIEL LINDSEY,

        Petitioner,

v.                                                      CASE NO. 6:05-cv-578-Orl-19KRS
                                                        (6:02-cr-137-Orl-19KRS)

UNITED STATES OF AMERICA,

        Petitioner.

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by James Daniel Lindsey. The Government subsequently filed a response to the section 2255 motion (Doc. No. 4), and Petitioner filed a reply (Doc. No. 6) to the response. Petitioner raises one claim in his motion: that he received ineffective assistance of counsel.

*Procedural History*

Petitioner and another individual, his mother, were charged by indictment with using fire to commit a felony (count one)[1] and damage by means of fire to property (count

_____

[1]*See* 18 U.S.C. § 844(h).

two)[2]  (Criminal Case No. 6:02-cr-137-Orl-19KRS, Doc. No. 1, filed September 11, 2002).[3]

Petitioner eventually entered into a plea agreement in which, among other matters, he

agreed to enter a plea of guilty to count one of the indictment (Criminal Case Doc. No. 23,

filed December 2, 2002).

United States Magistrate Judge Karla R. Spaulding held a hearing on the plea and

subsequently entered a Report and Recommendation Concerning Plea of Guilty (Criminal

Case Doc. No. 27, filed December 3, 2002).  Magistrate Judge Spaulding recommended that

the plea agreement and the plea of guilty be accepted and that Petitioner be adjudged

guilty and have sentence imposed accordingly.  The Court subsequently entered an Order

in which 1) the Report and Recommendation was accepted, affirmed, and adopted; 2)

Petitioner was adjudged guilty of count one of the indictment; and 3) the plea agreement

was accepted (Criminal Case Doc. No. 29, filed December 4, 2002).  On April 22, 2003, the

Court entered a Judgment In A Criminal Case, sentencing Petitioner to imprisonment for

a term of 120 months (Criminal Case Doc. No. 48).  Petitioner did not file a direct appeal.

On May 22, 2003, the Government filed a motion for reduction of sentence (Criminal

Case Doc. No. 59), which was granted in that, among other matters, Petitioner's sentence

was reduced to imprisonment for a term of 70 months (Criminal Case Doc. No. 65, filed

June 25, 2003).

---

[2]*See* 18 U.S.C. § 844(i).

[3]Hereinafter Criminal Case No. 6:02-cr-137-Orl-19KRS will be referred to as "Criminal Case."

2

On August 7, 2003, Petitioner filed a motion to reconsider (Criminal Case Doc. No. 72) the Court's Order of June 25, 2003, on the basis that the Court had "decided that it could not sentence the co-defendant to both counts in this indictment because both charged exactly the same offense, that is, arson." *Id*. at 2.[4]  The Court subsequently denied the motion because due to the passage of time, Rule 35(a) did not provide the Court with jurisdiction to re-address Petitioner's sentence (Criminal Case Doc. No. 78, filed September 8, 2003).

***Timeliness of Petitioner's Section 2255 Motion***

A motion under section 2255 must be filed within one-year from the latest of the following:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4]The Court notes that after Petitioner had entered his plea of guilty and had been sentenced, his co-defendant , Darlene Lindsey, entered a plea of guilty and was sentenced. (Doc. No. 29, 45, 57, 71).  At Mrs. Lindsey's sentencing, the Court concluded that it could not lawfully sentence such Defendant to both counts of the charging document, count two for arson, 18 U.S.C. § 844(i), and count one for the use of fire in the commission of a felony, 18 U.S.C. § 844 (h), because the charges stated only one crime.  Therefore, Mrs. Lindsey was sentenced to 46 months only to count two on her plea of guilty.

28 U.S.C. § 2255.  Petitioner's section 2255 motion is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255.

As already noted, the judgment of conviction in this case was entered by the Court on April 22, 2003.  Because no appeal was filed, the judgment of conviction became final 10 days after the entry of judgment by the Court.  *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time allotted for filing an appeal expires).  Thus, Petitioner's conviction became final on or about May 2, 2003. Consequently, Petitioner had until May 2, 2004, to file a section 2255 motion in this case.  Although Petitioner's initial section 2255 motion was file-stamped by the Clerk's office on April 19, 2005, under the "mailbox rule," it would be deemed filed on April 14, 2005, the date when the motion was signed and, presumably, delivered to the prison authorities for mailing.  *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).  Because Petitioner's initial section 2255 motion was not filed by May 2, 2004, it is time-barred.

However, in its response, the Government "expressly waives its limitations defense" and requests that the Court proceed to the merits of the case (Government's Response at 6.)  There is caselaw to support the Government's request.  For example, it has been recognized that "the limitations period in AEDPA is a statute of limitations subject to tolling and waiver."  *United States v. Gould*, Nos Civ. A. 97-3090, Crim. A. 91-580, 1997 WL 535821, at *4 (E.D. Pa. July 29,1997).  Consequently, if the Government waives the statute of limitations defense, the Court may evaluate the merits of the section 2255 motion.  *Id*.

In light of the Government's waiver of the limitations defense, the Court will consider the merits of Petitioner's section 2255 motion.

*Ineffective Assistance of Counsel*

Petitioner argues that he received ineffective assistance of counsel because counsel did not inform him that "use of a fire to commit arson . . . is a non-offense by itself."

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."  The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance.  The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense.  *Id*. at 687.[5]

As discussed above, Petitioner was charged with one count of using fire to commit a felony (count one), *see* 18 U.S.C. § 844(h), and one count of damage by means of fire to property (count two).  *See* 18 U.S.C. § 844(i).  In this case the property was identical in both counts.  However, damage by means of fire to property cannot be the predicate felony for

---

[5]In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

purposes of the using fire statute because damage by means of fire to property always requires the use of fire. *See United States v. Chaney*, 559 F.2d 1094, 1096 (7th Cir. 1977) (holding that arson cannot be the predicate felony for purposes of the using fire statute because arson always requires the use of fire and Congress did not intend the using fire statute to increase the penalty for every arson committed). In other words, the evidence necessary to prove the offense charged under count two, 18 U.S.C. § 844(i), would prove the offense charged under count one, 18 U.S.C. § 844(h), and vice versa. Consequently, the indictment charging violations of sections 844(h) and (i) was multiplicitous[6] and created a Double Jeopardy violation.

Petitioner argues that, if he had been properly advised by counsel as to the Double Jeopardy violation, he would not have pled guilty to count one of the indictment. Since it appears that there was a Double Jeopardy violation in this case and that counsel did not properly advise Petitioner with regard to this matter, Petitioner has shown that he received ineffective assistance of counsel. In fact, the Government agrees that the "failure to grant relief would amount to a fundamental miscarriage of justice." (Government's Response at 8.)

*Conclusion*

Under the circumstances, the Court finds that Petitioner received ineffective assistance of counsel and that his section 2255 motion must be granted.

---

[6]"Multiplicity" is charging a single offense in more than one count in an indictment. *See United States v. Nguyen*, 28 F.3d 477, 481 (5th Cir. 1994).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, filed April 19, 2005)   filed by James Daniel Lindsey is **GRANTED.**

2.      The judgment/sentence as to James Daniel Lindsey filed in criminal case 6:02-cr-137-Orl-19KRS (Doc. No. 48, filed April 22, 2003) is hereby **VACATED**.

3.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A certified copy of this Order and the judgment shall also be filed in criminal case number 6:02-cr-137-Orl-19KRS.

4.      The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 93, filed April 19, 2005) pending in case number 6:02-cr-137-Orl-19KRS.

5.      This case is referred to the United States Magistrate Judge for the purpose of appointing counsel on behalf of Petitioner.

6.      A scheduling conference will be held in criminal case 6:02-cr-137-Orl-KRS before the undersigned judge on November 15, 2005, at 9:00 a.m. in Courtroom 1,  George C. Young United States Courthouse and Federal Building, 6th Floor, 80 North Hughey Avenue, Orlando, Florida, to determine any further proceedings that may be necessary in this case.  Petitioner and his appointed counsel and counsel for the government shall attend the scheduling conference.

     **DONE AND ORDERED** in Chambers at Orlando, Florida, this _2nd____ day of

November, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 11/3
James Daniel Lindsey
Counsel of Record
Courtroom Deputy
Probation
U.S. Marshal

8